# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

DEJUAN JERROD HUNTER,           )
                                )
        Petitioner,             )
                                )
v.                              )        Case No. 06-CV-0230-CVE-SAJ
                                )
ERIC FRANKLIN, Warden,          )
                                )
        Respondent.             )

## OPINION ANFD ORDER

This is a 28 U.S.C. § 2254 habeas corpus action.  Before the Court is Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 7).  In response to the motion to dismiss, Petitioner, a state inmate appearing *pro se*, filed a "motion to stay and amend" (Dkt. # 9). Respondent filed a response (Dkt. # 10) to Petitioner's motion.  Petitioner filed a reply (Dkt. # 11) to Respondent's response.  For the reasons discussed below, the Court finds Respondent's motion to dismiss shall be denied and Petitioner's "motion to stay and amend" shall be declared moot.

## *BACKGROUND*

The record provided by Respondent indicates that Petitioner was convicted by a jury of Shooting With Intent to Kill in Tulsa County District Court, Case No. CF-2003-3648.  He was sentenced to twenty (20) years imprisonment.  Petitioner was represented at trial by Assistant Public Defender Curtis Allen.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented on appeal by attorney Gregory W. Laird, Petitioner raised the three (3) propositions of error, as follows:

1.      The trial court erred in admitting other crimes evidence in violation of the requirements set forth in *Burks v. State*, 1979 OK CR 10, 594 P.2d 771.

2.      The jury was not properly instructed on the sentencing ramifications of a conviction for shooting with intent to kill in violation of the Due Process Clause of the constitutions of both the United States and the State of Oklahoma.

3.      Mr. Hunter was deprived of his right to effective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

See Dkt. # 8, Ex. 1.  By Order filed January 28, 2005, the OCCA rejected the claims and affirmed the judgments and sentences of the trial court.  (Dkt. # 8, Ex. 3).  Petitioner did not seek post-conviction relief prior to filing his federal petition for writ of habeas corpus.

On April 25, 2006, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1).

Petitioner raises four (4) grounds of error in his petition as follows:

Ground 1:      Trial [court] erred in admitting other crimes evidence in violation of petitioner's constitutional right to fair trial.

Ground 2:      Jury not properly instructed on sentencing ramifications for crime charged, violating state and federal due process rights.

Ground 3:      Ineffective assistance of trial counsel violated petitioner's 6th USCA right.

Ground 4:      Ineffective assistance of appellate counsel violated petitioner's 6th USCA rights.

(Dkt. # 1).  In the brief in support of the motion to dismiss (Dkt. # 8) filed May 31, 2006, Respondent states that Petitioner's first three grounds were raised on direct appeal and are exhausted.  However, Respondent argues that this action must be dismissed because Petitioner's fourth ground had not been presented to the OCCA, and that Petitioner had an available state court remedy for his claim of ineffective assistance of appellate counsel in the form of an application for post-conviction relief.

2

In response to Respondent's motion to dismiss, Petitioner filed a motion to stay and amend (Dkt. # 9).  Petitioner concedes that he had not presented his claim of ineffective assistance of appellate counsel to the OCCA and requests that this action be stayed while he returns to state court to exhaust his claim of ineffective assistance of appellate counsel.  Respondent objected to the relief requested by Petitioner in the "motion to stay and amend." See Dkt. # 10.  In reply, Petitioner avers that on June 21, 2006, he filed an application for post-conviction relief in Tulsa County District Court, Case No. CF-2003-3648, raising the ineffective assistance of appellate counsel claim contained in the instant petition. See Dkt. # 11, ¶ 7.

## ANALYSIS

The Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." 28 U.S.C. § 2254(b); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509 (1982). To exhaust a claim, a habeas corpus petitioner in custody pursuant to an Oklahoma state court judgment must have "fairly presented" that specific claim to the Oklahoma Court of Criminal Appeals. See Picard v. Conner, 404 U.S. 270, 275-76 (1971).  The exhaustion requirement is based on the doctrine of comity. Coleman, 501 U.S. at 731.  Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (*per curiam*).

Upon review of the record and based on events occurring during the pendency of Respondent's motion to dismiss, the Court finds the motion to dismiss for failure to exhaust available state remedies should be denied and Respondent should be directed to respond or

otherwise plead to the claims raised in the petition.  The Court agrees with Respondent that at the time the motion to dismiss was filed, Petitioner's fourth claim was unexhausted.  However, the Court has reviewed the docket sheet for Tulsa County District Court, Case No. CF-2003-3648,[1] and takes judicial notice that on June 21, 2006, or after Respondent filed the motion to dismiss, Petitioner filed an application for post-conviction relief.  By order filed August 18, 2006, the trial court denied the requested relief.  Petitioner appealed.  By order filed December 19, 2006, in PC-2006-1046,[2] the OCCA declined jurisdiction and dismissed the post-conviction appeal as untimely.  Because the post-conviction proceedings are now concluded and based on Petitioner's averment that he raised his claim of ineffective assistance of appellate counsel in his post-conviction application, the Court finds that Petitioner has satisfied the exhaustion requirement for each claim raised in the petition.

Therefore, the Court concludes Respondent's motion to dismiss for failure to exhaust state remedies shall be denied and Respondent shall respond or otherwise plead to the claims raised in the petition.  The Court further finds that, in light of today's ruling, Petitioner's "motion to stay and amend" has been rendered moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.     Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 7) is **denied**.

2.     Within thirty (30) days of the entry of this Order, Respondent shall respond or otherwise plead to the claims raised in the petition.  <u>Extensions of time will be granted for good cause only</u>.  <u>See</u> Rule 4, Rules Governing § 2254 Cases.

---

[1]Docket sheet viewed at www.oscn.net.

[2]Docket sheet viewed at www.oscn.net.

4

3.      Petitioner may file a **reply brief** within thirty (30) days after the filing of Respondents'

response to the petition.  If Respondent files a motion to dismiss, Petitioner has eighteen (18)

days from the filing date of the motion to respond.  Failure to respond may, after notice to

Petitioner, result in the dismissal of this action.  <u>See</u> LCvR7.2(e),(f).

4.      Petitioner's "motion to stay and amend" (Dkt. # 9) is **declared moot**.


**DATED** this 24th day of January, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

5