**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DEJUAN JERROD HUNTER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 06-CV-0230-CVE-TLW |
| | ) |
| **ERIC FRANKLIN, Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state inmate appearing *pro se*. On February 23, 2007, Respondent filed a response to the petition (Dkt. # 14). Respondent also provided the trial transcripts (Dkt. # 16) for the Court's use in evaluating Petitioner's claims. Petitioner filed a reply (Dkt. # 17) to Respondent's response. For the reasons discussed below, the Court finds the petition (Dkt. # 1) shall be denied.

### *BACKGROUND*

During the early morning hours of August 1, 2003, a group of people argued and fought in a courtyard of the Velda Rose apartments located in Tulsa, Oklahoma. Shots were fired and one of the men, Darryl Gordon, sustained two gunshot wounds. He was treated for his injuries at a Tulsa hospital and survived the shooting. Jimmy Ray and his wife, Kelly Ray, observed the scene from the window of their upstairs apartment. They saw Petitioner, Dejuan Hunter, shooting a .22 caliber pistol. They also saw him fire shots into the passenger side of a white vehicle parked at the scene. Kelly Ray called 911. The police arrived and began securing the scene. They found Petitioner in a bedroom of one of the apartments. They also found a .22 caliber pistol hidden in an apartment that Petitioner was seen entering after shots had been fired. With the exception of Jimmy and Kelly Ray, no one at the scene was willing to cooperate with police.

Based on those events, Petitioner was convicted by a jury in Tulsa County District Court, Case No. CF-2003-3648, of Shooting With Intent to Kill, After Former Conviction of a Felony. The jury recommended that Petitioner be sentenced to twenty (20) years imprisonment. On February 2, 2004, the trial court judge sentenced Petitioner in accordance with the jury's recommendation. Petitioner was represented at trial by attorney Curtis Allen.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Petitioner was represented by attorney Gregory W. Laird. He raised three (3) propositions of error as follows:

> Proposition 1: The trial court erred in admitting other crimes evidence in violation of the requirements set forth in *Burks v. State*, 1979 OK CR 10, 594 P.2d 771.
>
> Proposition 2: The jury was not properly instructed on the sentencing ramifications of a conviction for shooting with intent to kill in violation of the due process clause of the constitutions of both the United States and the State of Oklahoma.
>
> Proposition 3: Mr. Hunter was deprived of his right to effective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

(Dkt. # 14, Ex. 1). In an unpublished summary opinion, filed January 28, 2005, in Case No. F-2004-98, the OCCA affirmed the Judgment and Sentence entered by the trial court. See Dkt. # 14, Ex. 3. Nothing in the record suggests Petitioner filed a petition for writ of *certiorari* in the United States Supreme Court.

On June 21, 2006, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 14, Exs. 4 and 5. In his application, Petitioner alleged that he received ineffective assistance of appellate counsel. By order filed August 18, 2006, the state district court denied post-conviction relief. Id. Petitioner appealed. By Order filed December 19, 2006, in Case No. PC-2006-

1046, the OCCA declined appellate jurisdiction and dismissed the post-conviction appeal after finding that Petitioner's "appellate pleading falls outside the thirty-day appellate time period." See Dkt. # 14, Ex. 5.

Petitioner, appearing *pro se*, filed the instant habeas corpus action on April 25, 2006 (Dkt. # 1). In his petition, Petitioner raises four (4) grounds of error, as follows:

> Ground 1: Trial [court] erred in admitting other crimes evidence in violation of Petitioner's constitutional right to fair trial. State's witness Jimmy Ray's testimony was based solely upon a crime that proved in no way that Petitioner was guilty of crime charged, and was thus prejudicial and had no probative value which violated Petitioner's U.S.C.A. rights to a fair trial.
>
> Ground 2: Jury not properly instructed on sentencing ramifications for crime charged, violating state and federal due process rights. Jurors were not informed that Petitioner's sentence fell under the Oklahoma Truth & Sentencing guidelines, modeled after the federal governments, which required the petitioner to serve 85% of his sentence before being parole eligible. It was clear jurors did not intend Petitioner to spend 17 years incarcerated.
>
> Ground 3: Ineffective assistance of trial counsel violated Petitioner's 6th U.S.C.A. right. Trial counsel was deficient at a critical stage in trial, i.e., sentencing stage, and his performance fell below objective standards when he failed to have court instruct jurors on sentencing guidelines.
>
> Ground 4: Ineffective assistance of appellate counsel violated Petitioner's 6th U.S.C.A. rights. Failure to raise innocence claim, due to insufficient evidence to find guilt, failure to point out accumulative trial counsel errors and prosecutorial misconduct, failure to show that no ballistics or fingerprints were tested on purported weapon, all mount [sic] to deficient performance and lack of research by appellate attorney.

(Dkt. # 1). In response to the petition, Respondent contends that grounds 1, 2, and 3 lack merit and that ground 4 is procedurally barred. See Dkt. # 14.

3

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that although Petitioner's fourth ground of error was unexhausted when the petition was filed, Petitioner had exhausted each of his claims by the time the response was filed.  See Dkt. # 14. The Court agrees and finds that the exhaustion requirement is satisfied.  Furthermore, under the facts of this case, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  In this case, the OCCA adjudicated Petitioner's grounds 1, 2 and 3 on direct appeal.  Therefore, those claims shall be reviewed pursuant to § 2254(d).

### *1. Erroneous admission of other crimes evidence (ground 1)*

As his first proposition of error, Petitioner asserts that the trial court erred in admitting evidence of other crimes in violation of Burks v. State, 594 P.2d 771 (Okla. Crim. App. 1979). Specifically, Petitioner complains that the trial court allowed state's witness Jimmy Ray to testify that he saw Petitioner shooting into a car and beating the car's occupant with the pistol, acts purportedly unrelated to the shooting of the victim, Darryl Gordon. The trial court overruled defense counsel's motion in limine, finding the testimony to be "all a part of the *res gestae*" and unrelated to the purpose of Burks. See Tr. Trans. Vol. I at 10-15. The OCCA considered and rejected this claim on direct appeal, finding as follows:

> . . . seconds after an initial round of gunshots injured the victim, eyewitnesses claimed to have seen Appellant firing a handgun and committing an assault. The fact that the eyewitnesses did not actually see Appellant fire the first round of shots (and therefore did not actually see Appellant shoot the victim) does not render their observations evidence of "other crimes" as contemplated by 12 O.S.2001, § 2404(B). The trial court correctly found that the testimony complained of was part of the *res gestae* of the charged offense. As such, no limiting instruction was necessary. Appellant does not allege, and the record does not demonstrate, that he was in any way surprised by this testimony. It was relevant to establish the identity of the gunman and his probable intent. 12 O.S.2001, §§ 2401-04; *Hiler v. State*, 1990 OK CR 54, ¶¶ 5-6, 796 P.2d 346, 348-49; *Bennett v. State*, 1987 OK CR 208, ¶ 18, 743 P.2d 1096, 1099.

(Dkt. # 14, Ex. 3).

"In a habeas proceeding claiming a denial of due process, 'we will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)). "[W]e approach the fundamental fairness analysis with 'considerable self-restraint.'" Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1998) (quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th

5

Cir. 1990) (*en banc*)). A proceeding is fundamentally unfair under the Due Process Clause only if it is "shocking to the universal sense of justice." United States v. Tome, 3 F.3d 342, 353 (10th Cir. 1993) (quoting United States v. Russell, 411 U.S. 423, 432 (1973) (internal quotation omitted)), *rev'd*, 513 U.S. 150 (1995).  A habeas court evaluates admission of "other crimes evidence" under general due process principles to determine whether evidence was "introduced that is so unduly prejudicial that it renders the trial fundamentally unfair . . . ." Payne v. Tennessee, 501 U.S. 808, 825 (1991) (citing Darden v. Wainwright, 477 U.S. 168, 179-83 (1986)); see also Estelle v. McGuire, 502 U.S. 62, 69-70 (1991); Knighton v. Mullin, 293 F.3d 1165, 1170 (10th Cir. 2002). The Tenth Circuit has held that this standard will be satisfied only if "the probative value of [the challenged] evidence is . . . greatly outweighed by the prejudice flowing from its admission . . . ." Knighton, 293 F.3d at 1171 (internal quotation marks omitted).

After reviewing the trial transcripts, the Court finds that the OCCA's rejection of Petitioner's claim on direct appeal is neither contrary to, nor an unreasonable application of, these general principles. The state courts' determination that the testimony concerned a series of events and part of the *res gestae* of the charged crime was not erroneous. Furthermore, even if the challenged testimony could be characterized as "other crimes evidence" as opposed to *res gestae*, the admission of the evidence did not render Petitioner's trial fundamentally unfair. Petitioner is not entitled to habeas corpus relief on this claim.  28 U.S.C. § 2254(d).

*2. Failure to instruct on parole eligibility (ground 2)*

As his second proposition of error, Petitioner claims that the trial court erred in failing to instruct the jury that Petitioner would not be eligible for parole until he had served 85% of his sentence. On direct appeal, the OCCA rejected this claim, as follows:

> . . . the trial court did not err in failing to instruct the jury as to parole eligibility for the crime of Shooting with Intent to Kill, as that issue was not for the jury's consideration. 21 O.S.Supp.2002, § 13.1; *Sanders v. State*, 2002 OK CR 42, ¶ 16, 60 P.3d 1048, 1051; *Miller v. State*, 1974 Ok CR 94, ¶ 6, 522 P.2d 642, 644.

(Dkt. # 14, Ex. 3).

Under the 85 percent rule, "[p]ersons convicted of: . . . [s]hooting with intent to kill . . . shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole." Okla. Stat. tit. 21, § 13.1 (2002). In 2006, after Petitioner was convicted and sentenced, the OCCA held that trial courts should instruct jurors on the 85 percent rule prior to sentencing. Anderson v. State, 130 P.3d 273, 283 (Okla. Crim. App. 2006). The Anderson court, however, specified that its holding was prospective and did not apply to "cases before this decision." Id.

The United States Supreme Court has not held that the Constitution requires the jury to be informed of a defendant's parole eligibility in a non-capital case. Indeed, the Court has only held that the Constitution requires such information to be provided to a jury in a limited set of capital cases. See, e.g., Simmons v. South Carolina, 512 U.S. 154 (1994) (holding, in a capital case, that the jury must be informed of parole eligibility when: (1) the defendant, if sentenced to life, will never become legally eligible for parole; and (2) the prosecution argues that the defendant presents a future danger). In light of this precedent, Petitioner has failed to demonstrate constitutional error. 28 U.S.C. § 2254(a). The trial court's failure to instruct on the 85 percent rule did not render

Petitioner's trial fundamentally unfair in a constitutional sense. See Taylor v. Parker, 276 Fed.Appx. 772, 775-76 (10th Cir. 2008) (unpublished) (in a non-capital case, rejecting petitioner's contention that he was entitled to habeas relief because the trial court failed to instruct the jury on Oklahoma's 85 percent rule). Petitioner's request for habeas corpus relief on this ground shall be denied.

### *3. Ineffective assistance of trial counsel (ground 3)*

As his third proposition of error, Petitioner alleges that his trial counsel provided ineffective assistance in failing to request an instruction on the 85 percent rule. The OCCA rejected this claim on direct appeal, citing Phillips v. State, 989 P.2d 1017, 1044 (Okla. Crim. App. 1999), and finding that "because we find no legal obligation on the trial court with regard to the instruction discussed in Proposition 2, trial counsel's failure to request such an instruction was not deficient performance." See Dkt. # 14, Ex. 3.

Petitioner is entitled to federal habeas relief only if the OCCA's adjudication of the claim of ineffective assistance of counsel is contrary to or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under this standard, Petitioner must show not only that the OCCA's application of Strickland was erroneous, but that it was objectively unreasonable. Yarborough v. Gentry, 540 U.S. 1, 5 (2003). To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that his counsel's performance was deficient and prejudiced his defense. Strickland, 466 U.S. at 688.

As discussed above, an instruction regarding parole eligibility, such as urged by Petitioner in this case, is not required under federal constitutional law. Furthermore, at the time of Petitioner's trial, held January 14-15, 2004, an instruction on the 85 percent rule was not required under Oklahoma law. The OCCA issued its opinion in Anderson, 130 P.3d at 283 (holding that trial courts

8

should instruct jurors on the 85 percent rule prior to sentencing) on February 22, 2006, or more than two (2) years after Petitioner's trial. Petitioner's trial counsel did not perform deficiently in failing to anticipate the change in law by requesting an instruction on the 85 percent rule. See Haney v. Addison, 275 Fed.Appx. 802, 806 (10th Cir. 2008) (unpublished) ("[T]he failure of Mr. Haney's lawyer to request an instruction on the 85% Rule did not constitute ineffective assistance of counsel because Anderson was not decided until four months after his trial."), *cert. denied*, 129 S.Ct. 766 (Dec. 15, 2008); Cheadle v. Dinwiddie, 278 Fed.Appx. 820, 823 (10th Cir. 2008) (unpublished) ("Although the OCCA recently changed its position with regard to whether the jury can be instructed on how much time a defendant must serve before parole eligibility, that court did not base its change on anything in the United States Constitution, nor did it apply the new rule retroactively. In sum, Cheadle has not shown appellate counsel was constitutionally ineffective for failing to critique the work of trial counsel." (citing Anderson, 130 P.3d at 283)), *cert. denied*, 129 S.Ct. 918 (Jan. 12, 2009). Petitioner is not entitled to habeas relief on his claim of ineffective assistance of trial counsel.

**D.  Procedural Bar (ground 4)**

Petitioner alleges in his fourth ground for relief that he was deprived of the effective assistance of appellate counsel. Specifically, Petitioner complains that the attorney who represented him on direct appeal failed to raise an innocence claim based on insufficient evidence to find guilt, failed to point out accumulative trial counsel errors and prosecutorial misconduct, and failed to argue that no ballistics testing or fingerprint analyses were conducted on the purported weapon. The record confirms that the issues raised in Petitioner's fourth ground were raised in Petitioner's application for post-conviction relief. However, The OCCA dismissed Petitioner's post-conviction

9

appeal as untimely, based on Petitioner's failure to comply with Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*. See Dkt. # 14, Ex. 5. In response to the petition, Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to the arguments asserted in Petitioner's fourth ground of error. See Dkt. # 14.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority' of cases." Id. at 986 (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural default to these facts, the Court concludes Petitioner's ground 4 claim is procedurally barred from this Court's review. The state court's procedural bar as applied to Petitioner's claim of ineffective assistance of appellate counsel was an "independent" ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, the procedural bar was an "adequate" state ground because, as stated above, the OCCA requires strict adherence to procedural rules and consistently dismisses appeals which do not comply with the rules. See Johnson v. Champion, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002) (concluding that the OCCA's declination of

jurisdiction based on Rule 5.2(C)(2) constitutes an independent and adequate state procedural ground).

As a result, the Court finds that habeas corpus relief on ground 4 shall be denied on the basis of the procedural default doctrine unless Petitioner demonstrates "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of the claims. Coleman, 501 U.S. at 750; Maes, 46 F.3d at 985. To demonstrate "cause," a petitioner is required to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. A petitioner is additionally required to establish prejudice, which requires showing "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). The alternative is proof of a "fundamental miscarriage of justice," which requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

As part of his reply to Respondent's assertion that ground 4 is procedurally barred, Petitioner alleges that he attempted to file his post-conviction petition-in-error timely, but the law librarian at his facility failed to weigh the petition properly resulting in the petition being sent back for more postage. See Dkt. # 17 at 8. Petitioner claims his petition-in-error sat in the institutional mailroom over the weekend and, as a result, was not timely filed at the OCCA. Id. However, Petitioner's claim that the procedural default of his claim was caused by the law library staff is completely unsubstantiated. Petitioner provides no affidavits or other documentary evidence in support of his explanation for the belated filing of his petition-in-error. As a result, the Court finds that Petitioner

11

has failed to demonstrate "cause" sufficient to overcome the procedural bar applicable to his claim of ineffective assistance of appellate counsel.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Petitioner fails to provide any new evidence in support of his claim of actual innocence. Instead, he simply alleges that the State presented insufficient evidence to sustain his conviction for Shooting With Intent to Kill. To the extent he claims to be innocent based on insufficient evidence, the claim is one of legal innocence as opposed to actual or factual innocence and does not satisfy the fundamental miscarriage of justice exception. Therefore, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claim is not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's fourth ground of error. Coleman, 501 U.S. at 750. Habeas corpus relief on that ground shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate Judgment shall be entered in this case.

**DATED** this 3rd day of August, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT